UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL TROY MOORE, et al., | Case No.: 2:20-cv-01922-JAD-EJY |
| Plaintiffs, | **ORDER** |
| v. | **and** |
| | **REPORT AND RECOMMENDATION** |
| THE STATE OF NEVADA, et al., | Re: Plaintiffs' Complaints (ECF Nos. 1-1, 2-1, and 3-1) |
| Defendants. | |

Presently before the Court are *pro se* Plaintiffs Michael Troy Moore, Michael Alford Moore, and London Troy Moore's Motions for Leave to Proceed *in forma pauperis*.[1] Plaintiffs attached identical Complaints to each of their *in forma pauperis* Applications.[2] The Court finds as follows.

**I.     *IN FORMA PAUPERIS* APPLICATION**

Plaintiffs each filed an Application for Leave to Proceed *in forma pauperis* containing declarations required by 28 U.S.C. § 1915(a) showing inabilities to prepay fees and costs or give security for the same.[3] Accordingly, Plaintiffs' Applications to Proceed *in forma pauperis* are granted.

**II.    SCREENING STANDARD**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[4] Dismissal for failure to state a claim under Section 1915(e)(2) incorporates the standard for failure to state a claim

---

[1] ECF Nos. 1, 2, and 3.
[2] ECF Nos. 1-1, 2-1, and 3-1. As Plaintiffs' Complaints are identical, the Court cites only to the Complaint attached to Michael Troy Moore's Application to Proceed *in forma pauperis* throughout this Order and Report and Recommendation.
[3] ECF Nos. 1, 2, and 3.
[4] 28 U.S.C. § 1915(e)(2).

under Fed. R. Civ. P. 12(b)(6).[5]  To survive Section 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6]

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.[7]  The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[8]  Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.[9]

### III.    PLAINTIFFS' COMPLAINTS

Prior to the COVID-19 pandemic, Plaintiffs Michael Troy Moore and Michael Alford Moore worked as performers on the Las Vegas Strip and Fremont Street; whereas, Plaintiff London Troy Moore "worked in a movie house."[10]  Beginning March 2020, Michael Troy Moore and Michael Alford Moore were barred from performing on the Las Vegas Strip and Fremont Street pursuant to Governor Steve Sisolak's Emergency Directive 3 that closed nonessential businesses throughout the state.[11]  These two Plaintiffs were uncertain whether they qualified for unemployment insurance benefits as they were involved in an ongoing labor dispute with their "joint employers," alleged to be the City of Las Vegas and the Fremont Street Experience, LLC.[12]  Michael Troy Moore and Michael Alford Moore ultimately filed and were found to be eligible for unemployment insurance benefits by the Nevada Department of Employment, Training and Rehabilitation (the "DETR").[13]  After being laid off, London Troy Moore also filed an unemployment insurance claim with DETR, which was initially denied.[14]  After refiling his claim, London Troy Moore was deemed eligible for

---

[5]   *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).
[6]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7]   *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (internal citation omitted).
[8]   *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).
[9]   *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).
[10]  ECF No. 1-1 at 4.
[11]  *Id*.; *see also Declaration of Emergency for Covid-19- Directive 003*, THE OFFICIAL STATE OF NEVADA WEBSITE, https://gov.nv.gov/News/Emergency_Orders/2020/2020-03-20_-_COVID-19_ Declaration_ of_ Emergency _Directive_003_(Attachments)/ (last visited Nov. 12, 2020).
[12]  ECF No. 1-1 at 4-5.
[13]  *Id*. at 5-6.
[14]  *Id*. at 4.

unemployment insurance benefits.[15]  Notwithstanding their eligibility, all three Plaintiffs allege DETR has withheld deposit of their federal unemployment funds.[16]

Starting on May 9, 2020, Michael Troy Moore and another street performer began picketing on Fremont Street in protest of Governor Sisolak's closure of nonessential businesses and his subsequent Emergency Directive 24 that ordered individuals not exempted by this Directive or guidance issued by the Nevada Health Response to wear masks in public places.[17]  Michael Troy Moore claims he has "several legal and Americans [w]ith Disabilities Act [(the "ADA")] Exemptions to refuse to wear a [m]ask in public or inside any private businesses."[18]  Although the Complaints do not explicitly state as such, it appears Michael Troy Moore returned to performing on Fremont Street sometime after Nevada began reopening its nonessential businesses.

On September 27, 2020, Michael Troy Moore alleges Las Vegas City Marshals, acting pursuant to Governor Sisolak's Emergency Directive 24, ordered him to stop performing on Fremont Street and informing the public about their alleged mask exemptions.[19]  This Plaintiff claims the Marshals threatened him stating that if he "return[s] to Fremont [Street] to perform, [he] will be arrested and [his] guitars impounded[.]"[20]

As a result of the above, Plaintiffs filed the instant Complaints against Defendants State of Nevada, DETR, and Governor Sisolak.[21]  Liberally construed, all three Plaintiffs appear to allege 42 U.S.C § 1983 claims against the State of Nevada and DETR for withholding their federal unemployment funds, and Michael Troy Moore appears to separately allege an ADA claim against Governor Sisolak.[22]

---

[15]   *Id*.
[16]   *Id*. at 6.
[17]   *Id*. at 8; *see also Declaration of Emergency Directive 024*, THE OFFICIAL STATE OF NEVADA WEBSITE, https://gov.nv.gov/News/Emergency_Orders/2020/2020-06-24_-COVID-19_Declaration_of_Emergency_Directive _024 _ (Attachments)/ (last visited Nov. 12, 2020).
[18]   ECF No. 1-1 at 8.
[19]   *Id*. at 7-8.
[20]   *Id*. at 7 (internal alterations omitted).
[21]   *Id*. at 1.
[22]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citation and quotation marks omitted).

Turning to the relief sought, Plaintiffs do not discuss what they seek from the State of Nevada. Plaintiffs request a writ of mandamus directing DETR to make their federal unemployment funds available to them within 72 hours.[23] Michael Troy Moore seeks damages under the ADA and an injunction restraining Governor Sisolak from enforcing Emergency Directive 24 so that this Plaintiff may return to performing on Fremont Street.[24]

### 1. The Court recommends dismissing Plaintiffs' claims against the State of Nevada and DETR with prejudice as these entities are immune and amendment would be futile.

The Eleventh Amendment bars citizens from suing a state or its agencies unless the state has waived such immunity or Congress has abrogated such immunity by statute.[25] The United States Supreme Court held that 42 U.S.C. § 1983 does not constitute an abrogation of the states' Eleventh Amendment immunity.[26] Therefore, absent waiver, a state is not subject to suit under Section 1983.[27] The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment.[28] Thus, Plaintiffs' claims against the State fail as a matter of law.

DETR is an agency of the State of Nevada. Plaintiffs' claims cannot survive against DETR as an "entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983."[29] Even assuming DETR was not immune, the Nevada Revised Statutes provide that a person seeking unemployment benefits must first exhaust his or her administrative remedies before filing a lawsuit.[30] A failure to comply with these statutory requirements constitutes grounds for dismissal.[31] Plaintiffs provide no documentation demonstrating that they timely appealed DETR's alleged withholding of unemployment funds. "Additionally, if Plaintiff[s] timely appealed DETR decision, [their] request for a review of that appeal should be brought before the District Court for the State of Nevada in the County in which the work was performed, rather than the United States District

---

[23] ECF No. 1-1 at 11.
[24] *Id*. at 11-12 and 18.
[25] U.S. CONST. amend. XI; *see also Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996).
[26] *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979).
[27] *Id*.; *see also Ala. v. Pugh*, 438 U.S. 781, 782 (1978).
[28] NRS 41.031(3).
[29] *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 376 (1990).
[30] NRS 612.450 *et. seq*.
[31] *Walker v. Nev., Dep't of Emp. and Sec.*, No. 2:09-cv-2036-GMN-GWF, 2011 WL 167545, at *1 (D. Nev. Jan. 19, 2011).

4

Court."[32] Thus, this Court lacks subject matter jurisdiction over Plaintiffs' appeal of DETR's purported refusal to pay unemployment benefits and DETR should be dismissed from this action.

Plaintiffs' action fails as a matter of law as to the State of Nevada and DETR. Accordingly, the undersigned recommends dismissing Plaintiffs' claims as to these Defendants with prejudice because amendment would be futile.[33]

### 2. The undersigned recommends dismissing Michael Troy Moore's ADA claims against Governor Sisolak with prejudice as there is no set of factual amendments that can make these claims viable.

The Supreme Court holds that when Congress enacts statutes which provide a comprehensive enforcement mechanism, a separate claim based upon 42 U.S.C § 1983 is not permitted.[34] The Ninth Circuit has held similarly.[35] The ADA provides such a comprehensive enforcement mechanism. The Ninth Circuit has also found that inconsistencies between Section 1983 remedies and other statutory remedies are a "strong indication" that Section 1983 remedies are not available.[36] Here, the ADA does not provide for individual liability, while Section 1983 allows for such.[37] Further, "there is a limitation on damages under the ADA that does not apply to § 1983 claims."[38] Given the above, Plaintiff Michael Troy Moore must seek his remedies under the ADA only, and he is barred from requesting additional remedies under Section 1983.

Michael Troy Moore alleges Governor Sisolak unlawfully terminated his employment and barred him from entering Fremont Street due to his disability.[39] The Court notes that Michael Troy Moore does not state whether he is bringing his ADA claim against Governor Sisolak in his personal or official capacity. In addition, not only does this Plaintiff fail to allege under which Title of the

---

[32] *Ullauri-Moron v. Nev. Dep't of Emp., Training, and Rehabilitation*, Case No. 2:12-cv-01569-JCM-CWH, 2012 WL 4891722, at *2 (D. Nev. Sept. 6, 2012), *citing* NRS 612.525.
[33] *Peck v. Nev.*, Case No. 2:18-cv-00237-APG-VCF, 2018 WL 3312977, at *3 (D. Nev. July 5, 2018) (dismissing Section 1983 claims against the State of Nevada and a state agency with prejudice as these entities are immune from relief and, therefore, amendment would be futile).
[34] *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20-21 (1981).
[35] *Dep't of Educ., State of Haw. v. Katherine D. By and Through Kevin and Roberta D.*, 727 F.2d 809, 820 (9th Cir. 1983), *cert. denied*, 471 U.S. 1117 (1985).
[36] *Almond Hill Sch. v. U.S. Dep't of Agriculture*, 768 F.2d 1030, 1035-36 (9th Cir. 1985).
[37] *Lund v. J.C. Penney Outlet*, 911 F.Supp. 442, 445 (D. Nev. 1996).
[38] *Kagan v. Nev.*, 35 F.Supp.2d 771, 773 (D. Nev. 1999).
[39] ECF No. 1-1 at 12.

5

ADA he brings his claims, but his allegations present "mere[] 'threadbare recitals' of the elements of an ADA claim which are insufficient to plausibly show standing under the ADA."[40]

Nonetheless, if liberally construed, Plaintiff's Complaint appears to allege claims under Title I and II of the ADA.[41]  However, these claims fail as the Court finds there is no set of facts that would permit Michael Troy Moore to state viable claims under either Title of the ADA.

*i.    Plaintiff cannot state a claim under Title I of the ADA.*

Title I of the ADA governs discrimination against individuals with disabilities in employment.[42]  To bring a discrimination claim under the ADA, the defendant must be a "covered entity" such as an employer, employment agency, labor organization, or joint labor-management committee.[43]  Individual defendants, including Governor Sisolak, cannot be held personally liable for violations of the ADA.[44]  "Sovereign immunity, however, does not bar Title I suits against state officials for prospective injunctive . . . relief."[45]

To the extent Plaintiff alleges a claim for injunctive relief under Title I of the ADA, this claim fails as a matter of law because Governor Sisolak is not considered a covered entity as defined by Title I of the ADA.  Michael Troy Moore concedes that his "joint employer" is not Governor Sisolak, but the City of Las Vegas and the Fremont Street Experience, LLC.[46]  However, even if Governor Sisolak was a covered entity, Plaintiff must exhaust his administrative remedies before commencing a Title I action in federal court.[47]  In other words, Michael Troy Moore must demonstrate, either through an allegation in his complaint or through attaching a right to sue letter, that he has exhausted his administrative remedies before the Court will proceed with a Title I action.  Michael Troy Moore does neither.

Because Governor Sisolak is not a covered entity under Title I of the ADA, Michael Troy Moore cannot bring a Title I claim against the governor.  Thus, this Plaintiff cannot cure his present

---

[40] *Allison v. Am. Mgmt. Invs., LLC*, Case No. 2:15-cv-02335-APG-VCF, 2016 WL 4591755, at *2 (D. Nev. Sept. 1, 2016), *citing in part Ashcroft*, 556 U.S. at 663.
[41] *Supra* note 22.
[42] 42 U.S.C § 12111 *et. seq.*
[43] 42 U.S.C. § 12111(2).
[44] *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006) (internal citations omitted).
[45] *Id*. (internal citations omitted).
[46] ECF No. 1-1 at 4.
[47] *Leine v. Cal. Dep't of Rehab.*, 205 F.3d 1351, at *1 (9th Cir. 1999) (internal citation omitted) (unpublished).

failure to demonstrate exhaustion of administrative remedies. For this reason, the Court finds there is no set of amendments that would permit Michael Troy Moore to allege a Title I suit for injunctive relief against Governor Sisolak under the ADA and, on this basis, the Court recommends dismissal with prejudice of this claim.

>    ii.    *Plaintiff cannot state a claim under Title II of the ADA.*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."[48] A claim under Title II of the ADA requires a plaintiff to establish that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.[49]

Plaintiff cannot maintain a Title II suit against Governor Sisolak in his individual capacity.[50] However, "Title II of the ADA validly abrogates state sovereign immunity [in a suit for money damages] to the extent the conduct complained of actually violates a provision of the Constitution incorporated by Section 1 of the Fourteenth Amendment."[51] Notwithstanding, the Court need not reach this issue because the Ninth Circuit has held that in order to recover monetary damages under Title II of the ADA, proof of intentional discrimination is required.[52] To show intentional discrimination in this context, a plaintiff must show the defendant was deliberately indifferent.[53] "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."[54]

Michael Troy Moore cannot state a Title II claim for damages against Governor Sisolak in his official capacity because this Plaintiff does not allege that Governor Sisolak was deliberately

---

[48] 42 U.S.C. § 12132.
[49] *O'Guinn v. Locklock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).
[50] *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).
[51] *Despasquale v. Nev.*, Case No. 3:11-cv-00191-LRH-WGC, 2013 WL 3364453, at *6 (D. Nev. July 2, 2013) (internal citation omitted).
[52] *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (internal citation omitted).
[53] *Id.*
[54] *Id.* at 1139.

7

indifferent to and, thus, intentionally discriminated against him based on, his disability.  Governor Sisolak's Emergency Directive 3 closed nonessential businesses throughout the State to the "general public."[55]  Not only does the Governor's Emergency Directive 24 generally applies to all members of the public, but this Directive expressly provides that it "shall not apply to . . . [i]ndividuals who cannot wear a face covering due to a medical condition or disability[.]"[56]  Thus, contrary to Plaintiff's allegations, the Governor closed nonessential businesses to both disabled and non-disabled individuals, while making provisions exempting disabled individuals from wearing masks.  These facts demonstrate that there was no deliberate indifference to a federally protected right and that there is no evidence of intentional discrimination against the disabled.

Michael Troy Moore also cannot state a Title II claim for injunctive relief against Governor Sisolak.[57]  Standing for injunctive relief requires a plaintiff to demonstrate that (1) he has suffered an injury-in-fact, (2) the injury was caused by the defendant's actions, and (3) the injury can be redressed by a favorable decision.[58]  In addition, standing requires a plaintiff demonstrate a "real and immediate threat of repeated injury."[59]  However, where a plaintiff seeks to enjoin a government agency "his case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs."[60]  "This 'well-established rule' bars federal courts from interfering with non-federal government operations in the absence of facts showing an immediate threat of substantial injury."[61]

Here, Plaintiff claims he was warned by the Las Vegas City Marshals (who were allegedly acting at the direction of Governor Sisolak) that if he returned to Fremont Street to perform he would be arrested and have his guitars impounded.[62]  Even assuming, *arguendo*, that Plaintiff sufficiently

---

[55] *Declaration of Emergency for Covid-19- Directive 003*, THE OFFICIAL STATE OF NEVADA WEBSITE, https://gov.nv.gov/News/Emergency_Orders/2020/2020-03-20_-_COVID-19_Declaration_of_Emergency_Directive_003_(Attachments)/ (last visited Nov. 12, 2020).
[56] *Declaration of Emergency Directive 024*, THE OFFICIAL STATE OF NEVADA WEBSITE, https://gov.nv.gov/News/Emergency_Orders/2020/2020-06-24_-COVID-19_Declaration_of_Emergency_Directive_024_(Attachments)/ (last visited Nov. 12, 2020).
[57] *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968) (Title II allows injunctive relief).
[58] *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).
[59] *Id*.
[60] *Rizzo v. Goode*, 423 U.S. 362, 378-78 (1976) (internal citations and quotation marks omitted).
[61] *Midgett v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001) (internal citation omitted).
[62] ECF No. 1-1 at 7.

pleaded an injury and alleged the causation and redressability elements of standing, the Court "must exercise restraint when a plaintiff seeks to enjoin any non-federal government agency, be it local or state."[63]

Based on the foregoing, the Court recommends Plaintiff's Title II suit against Governor Sisolak be dismissed with prejudice as amendment would be futile.

**IV.    ORDER**

IT IS HEREBY ORDERED that Plaintiff Michael Troy Moore's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Michael Alford Moore's Application to Proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff London Troy Moore's Application to Proceed *in forma pauperis* (ECF No. 3) is GRANTED.

**V.    RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiffs' claims against Defendants the State of Nevada and the Nevada Department of Employment, Training and Rehabilitation be DISMISSED with prejudice as amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff Michael Troy Moore's claims under the Americans with Disabilities Act against Governor Sisolak be DISMISSED with prejudice as amendment would be futile.

DATED this 13th day of November, 2020.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[63]    *Midgett*, 254 F.3d at 851.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.[64] This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.[65]

---

[64] *Thomas v. Arn*, 474 U.S. 140, 142 (1985).
[65] *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).