# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Michael Troy Moore, et al., | Case No.: 2:20-cv-01922-JAD-EJY |
| Plaintiffs | |
| v. | **Order Overruling Objection to Magistrate Judge's Order and Dismissing Case** |
| The State of Nevada, | [ECF Nos. 5, 7] |
| Defendant | |

Pro se plaintiffs Michael Troy Moore, Michael Alford Moore, and London Troy Moore are performers in outside public venues in Southern Nevada who claim that the state government's management of various policies and procedures in response to the COVID-19 pandemic violated their rights. Because they were granted in forma pauperis status, the magistrate judge screened their complaint. Having done so, she recommends that I dismiss their claims against the State of Nevada and its Department of Employment, Training, and Rehabilitation (DETR) with prejudice because those claims are barred Eleventh Amendment immunity, and she recommends that I dismiss Michael Troy Moore's Americans with Disabilities Act (ADA) claims against Governor Steve Sisolak because there is no set of facts that he could plead to support such a viable legal theory.[1] Adoption of that recommendation will terminate this case. Plaintiffs object to that recommendation, explaining without detail that they have "a unique perspective on the complaint" and believe they can amend it "to make it satisfactory for this case to proceed." They also remind the court that they are representing

---

[1] ECF No. 5.

themselves and claim that "they are allowed to correct any deficiencies or misunderstandings. . . ."[2]

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[3] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[4]

Having considered the magistrate judge's recommendations de novo and in light of the plaintiffs' objections, I overrule those objections. The plaintiffs have not offered any explanation of how the magistrate judge got it wrong or why their claims are not barred or fatally insufficient as she concluded. And although the court must liberally construe pro se litigants' inartful pleadings,[5] this court is not required to grant leave to amend if amendment would be futile, as it would be here.[6]

IT IS THEREFORE ORDERED that the Report and Recommendation **[ECF No. 5] is ADOPTED** in its entirety and the plaintiffs' objection to it **[ECF No. 7] is OVERRULED.**

IT IS FURTHER ORDERED that **this action is DISMISSED** without leave to amend for the reasons stated in the report and recommendation [ECF No. 5].

---

[2] ECF No. 7.

[3] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[4] 28 U.S.C. § 636(b)(1).

[5] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), as amended (May 22, 1992).

[6] *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) ("Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment . . . is not futile.").

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

And because jurists of reason would not find this result debatable or wrong, in forma pauperis status should not continue on appeal.

_____
U.S. District Judge Jennifer A. Dorsey
June 4, 2021